MARK PACHOWICZ  (SBN 138108)
*mark@pachowicz.com*
KATHLEEN CROUCH (SBN 258650)
*kat@pachowicz.com*
JONNY RUSSELL (SBN 297468)
*jonny@pachowicz.com*
Law Offices of Mark Pachowicz, APLC
771 Daily Drive, Suite 230
Camarillo, CA 93010
Tel:  (805) 987-4975

Attorneys for Plaintiff
MARCELO OSCAR BEDETTI

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARCELO OSCAR BEDETTI<br><br>           PLAINTIFF,<br><br>vs.<br><br>CITY OF LONG BEACH, a Municipal Corporation formed upon a Charter;  LONG BEACH POLICE DEPARTMENT, a public entity;  JIM MCDONNELL, individually and in his capacity as Chief of Police; DAVID J. CORCORAN #5719, individually and in his capacity as a Police Officer; DOUGLAS E. BACON #5384, individually and in his capacity as a Police Officer; ROQUE O. FOSTER #5696, individually and in his capacity as a Police Officer; ALEXANDER M. SALDANA #5497, individually and in his capacity as a Police Officer;  RANDALL JAMES BEACH #10071, individually and in his capacity as a Police Officer; JASON LEHMAN #10031,individually and in his | Case No.<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES FOR:**<br><br>1.  VIOLATION OF 42 U.S.C. § 1983 – ILLEGAL SEARCH AND SEIZURE / EXCESSIVE FORCE;<br><br>2.  VIOLATION OF CALIF. CONST. ART. 1 § 13;<br><br>3.  BATTERY;<br><br>4.  VIOLATION OF CAL. CIV. CODE § 52.1 – BANE ACT;<br><br>5.  FALSE ARREST AND FALSE IMPRISONMENT;<br><br>6.  INTENTIONAL INFLICTION OF |

| | |
|---|---|
| 1 | capacity as a Police Officer; AND DOES 1-20, |
| 2 | DEFENDANTS. |

EMOTIONAL DISTRESS;

7. VIOLATION OF 42 U.S.C. § 1985 - CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS;

8. VIOLATION OF 42 U.S.C. § 1983 – POLICY, CUSTOM AND PRACTICE;

9. VIOLATION OF 42 U.S.C. 1983 – DEPRIVATION OF FREE SPEECH AND EXPRESSION;

10. VIOLATION OF 42 U.S.C. § 1983 - SUPERVISORY LIABILITY;

11. NEGLIGENCE.

**DEMAND FOR JURY TRIAL**

Plaintiff Marcelo Oscar Bedetti ("Plaintiff") complains defendants City of Long Beach, Long Beach Police Department, Chief of Police Jim McDonnell, Officer Douglas Bacon, Officer David Corcoran, Officer Roque Foster, Officer Alexander Saldana, Officer Randall James Beach, Officer Jason Lehman, and DOES 1 through 20, inclusive, did as follows:

## **NATURE OF THE ACTION**

1.     On November 17, 2013, Plaintiff Marcelo Bedetti, an off-duty police officer, was attempting to lawfully park his car in the entertainment district of Long

Beach off Pine Street to go to dinner with a friend.  As Mr. Bedetti was driving in a parking lot looking for an open place to park, he realized his head lights were directed at two officers sitting in their patrol car at the end of his lane.  To accommodate the officers, Mr. Bedetti shut off his headlights.  Approximately 8 seconds[1] later, the two officers shined their spotlights in the face of Mr. Bedetti who was trying to park his car creating a safety hazard for Mr. Bedetti and his passenger.

2.   As Mr. Bedetti pulled into an open spot, officers with the LBPD started calling Mr. Bedetti names such as "dumbass."  Mr. Bedetti got out of his car and made sure he was legally parked.  The officers continued their verbal jabs accusing Mr. Bedetti of parking too close to the car next to him. To satisfy the officers, Mr. Bedetti got back into his car to move it to a different parking spot.  As Mr. Bedetti began to back up into an open spot, an officer got out of his patrol car and stood in the middle of the empty parking place. When Mr. Bedetti's friend informed the officer that Mr. Bedetti wanted to park his car in the space, the officer decided to stand in it. The Officer told Mr. Bedetti's friend he didn't care.  Mr. Bedetti got out of his car and asked the officer why he was being so unprofessional.  Mr. Bedetti informed the officer he too was a police officer and even provided his police ID card to

---

[1] Video surveillance of the area helps prove the inaccuracy of the police reports and police testimony.

the officer who looked at it and returned it to Mr. Bedetti.  Another officer began threatening to arrest Mr. Bedetti for being drunk in public, or "better yet," driving under the influence, "because I saw you drive."  Mr. Bedetti, who had not consumed any alcohol, suggested the officer may need more training. The officers again threatened to arrest Mr. Bedetti who stated he would defend himself.  Mr. Bedetti turned to return to his car and was accused of threatening the officers with a gun.

3.     Multiple officers then charged at Mr. Bedetti.  One punched him and the all took Mr. Bedetti to the ground, where they handcuffed him and intentionally inflicted pain by twisting his left leg that was in a cast.  Once beaten and handcuffed, the defendant officers falsely arrested Mr. Bedetti for 1) driving under the influence,[2] (Mr. Bedetti's blood alcohol level, when tested, was 0.0%) 2) criminal threats (apparently because he told the officers that he carried his off duty weapon), and 3) interfering with a police officer who was preforming his duty.

4.     After Mr. Bedetti's unlawful seizure and arrest, the Long Beach police officers present at the scene (hereinafter referred to collectively as "THE OFFICERS") conspired to publish false police reports stating that Mr. Bedetti had interfered with a *Penal Code* § 273.5 investigation.  In order to

---

[2] The officers' verbalization of this arrest is captured on a cellphone video.  Ironically, it is not documented in any police report.

protect themselves, the City of Long Beach, and the police department from civil liability, the police officers and police department created a factual scenario to justify the prosecution of Mr. Bedetti for violating *Penal Code* § 148.  At Mr. Bedetti's criminal trial, several of the officers attempted to complete their mission by providing false testimony.  The jury was not fooled by the false testimony and unanimously found Mr. Bedetti not guilty.

5.  Plaintiff seeks to recover damages pursuant to 42 U.S.C. §§ 1983, 1985, and 1988, the Fourth and Fourteenth Amendments of the United States Constitution, and pursuant to Article 1 § 13 of the California Constitution.  By bringing this action, Plaintiff also seeks to improve the unlawful policies and practices of the City of Long Beach and its police department so that no other individual will have to suffer the same civil rights violations he has had to endure.

6.  This case involves important rights affecting public interest.

## JURISDICTION

7.  Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 (federal question) and 1334 (civil rights), and arises under 42 U.S.C. §§ 1983, 1985, and 1988.  The state law claims for relief are within the supplemental jurisdiction of this Court pursuant to 28 U.S.C. § 1367.

**VENUE**

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1367 as the acts complained of in this complaint occurred in the City of Long Beach, County of Los Angeles, State of California, within the boundaries of the Central District of California.

**PARTIES**

9.      Plaintiff brings this action against the  CITY OF LONG BEACH, a General Law City incorporated in 1888; the LONG BEACH POLICE DEPARTMENT, a separate public entity; CHIEF OF POLICE JIM MCDONNELL, individually and in his capacity as Chief of Police; OFFICER DOUGLAS BACON, individually and in his capacity as a Police Officer; OFFICER DAVID CORCORAN, individually and in his capacity as a Police Officer; OFFICER ALEXANDER SALDANA, individually and in his capacity as a Police Officer; OFFICER ROQUE FOSTER, individually and in his capacity as a Police Officer; OFFICER JAMES BEACH, individually and in his capacity as a Police Officer; and OFFICER JASON LEHMAN, individually and in his capacity as a Police Officer.

10.     CITY OF LONG BEACH (hereinafter "CITY") is a general law city incorporated in 1888 with the capacity to sue and be sued under state law and *Government Code* § 910 et. seq.  CITY employs all defendants and Doe Defendants in this action.  CITY is responsible for the actions, omissions,

policies, procedures, practices, and customs of its various agencies, departments, agents, and employees acting within the course and scope of their agency and/or employment.  At all times relevant herein, CITY was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of the Long Beach Police Department, and its employees and agents, complied with all laws, including without limitation, the Constitution of the United States and of the State of California.

11.   LONG BEACH POLICE DEPARTMENT (hereinafter referred to as "LBPD") is a public entity with the capacity to sue and be sued, duly organized and existing under and by virtue of the laws of the State of California.  LBPD is responsible for the actions, omissions, policies, procedures, practices, and customs of its various agencies, departments, agents, and employees acting within the course and scope of their agency and/or employment.  At all times relevant herein, CITY was responsible for ensuring that the actions, omissions, policies, procedures, practices, and customs of the Long Beach Police Department, and its employees and agents, complied with all laws, including without limitation, the Constitution of the United States and of the State of California.  LBPD maintains control of all training records and police officer personnel files.

12.   CHIEF OF POLICE JIM MCDONNELL ("hereinafter "CHIEF MCDONNELL") was at all times mentioned herein the elected Chief of

Police for the Long Beach Police Department.  He was charged by law and was responsible with the administration of defendant LBPD and its employees, and for the supervision, training and hiring of persons, agents and employees, working within the LBPD, including supervisory officials, officers, and custody personnel.  Plaintiff sues CHIEF MCDONNELL in his personal and individual capacity as a supervisory official for his own culpable actions and in his official capacity as the final policy making authority for LBPD.  At all times relevant herein, CHIEF MCDONNELL controlled defendant officers' personnel files.

13. DOUGLAS BACON (hereinafter "OFFICER BACON") was at all times mentioned herein, a police officer and employee of LBPD and CITY, acting under color of law.  At all times relevant herein, OFFICER BACON was acting in the course and scope of his employment and agency, and acted under color of law.  OFFICER BACON was charged by law and was responsible for the care, security, supervision, and safety of Plaintiff, and was responsible for ensuring that Plaintiff's constitutional and statutory rights were not violated.  It was OFFICER BACON'S further duty and responsibility to protect Plaintiff from an illegal detention, seizure, or excessive use of force by police officers, and to report wrongful conduct of police officers that resulted in the infliction of unconstitutional force or violence against Plaintiff.  However, instead of reporting the wrongful

police conduct, OFFICER BACON participated in the conspiracy with other LBPD police officers to conceal he and his colleagues' wrongful conduct by telling the Plaintiff he was under arrest for driving under the influence , violating Penal Code § 422, and interfering with officers.

14.    DAVID CORCORAN (hereinafter "OFFICER CORCORAN") was at all times mentioned herein, a police officer and employee of LBPD and CITY, acting under color of law.  At all times relevant herein, Officer Corcoran was acting in the course and scope of his employment and agency, and acted under color of law.  OFFICER CORCORAN was charged by law and was responsible for the care, security, supervision, and safety of Plaintiff, and was responsible for ensuring that Plaintiff's constitutional and statutory rights were not violated.  It was OFFICER CORCORAN'S further duty and responsibility to protect Plaintiff from an illegal detention, seizure, or excessive force used by LBPD officers, and to report wrongful conduct of police officers that resulted in the infliction of unconstitutional force or violence against Plaintiff.  However, it was OFFICER CORCORAN who initiated the police encounter with Plaintiff when he called Plaintiff a "dumbass" and then threatened to arrest Plaintiff for public intoxication and driving under the influence.  Furthermore, OFFICER CORCORAN participated in the use of excessive force to falsely arrest Plaintiff. Specifically, OFFICER CORCORAN deliberately twisted Plaintiff's injured

left leg, which was in a cast.   Additionally, OFFICER CORCORAN breached his duty to provide honest and accurate information about the conduct of other police officers when he conspired with other LBPD police officers to conceal their wrongful conduct by providing false statements in police reports and at Plaintiff's criminal trial.

15.   ALEXANDER SALDANA (hereinafter "OFFICER SALDANA") was at all times mentioned herein, a police officer and employee of LBPD and CITY, acting under color of law.  At all times relevant herein, OFFICER SALDANA was acting in the course and scope of his employment and agency, and acted under color of law.  OFFICER SALDANA was charged by law and was responsible for the care, security, supervision, and safety of Plaintiff, and was responsible for ensuring that Plaintiff's constitutional and statutory rights were not violated.  It was OFFICER SALDANA'S further duty and responsibility to protect Plaintiff from an illegal detention, seizure, or excessive use of force by police officers, and to report wrongful conduct of police officers that resulted in the infliction of unconstitutional force or violence against Plaintiff.  However, OFFICER SALDANA participated in the unlawful detention and seizure of Plaintiff by shining his spotlight in Plaintiff's eyes while he was driving a vehicle; and excessive use of force arrest when he punched Plaintiff, and grabbed Plaintiff's left arm, pulling him to the pavement.  In addition, OFFICER SALDANA conspired with

other LBPD police officers to conceal he and his colleagues' his wrongful conduct by providing false statements both in police reports and at Plaintiff's criminal trial.

16.    ROQUE FOSTER (hereinafter "OFFICER FOSTER") was at all times mentioned herein, a police officer and employee of LBPD and CITY, acting under color of law.  At all times relevant herein, OFFICER FOSTER was acting in the course and scope of his employment and agency, and acted under color of law.  OFFICER FOSTER was charged by law and was responsible for the care, security, supervision, and safety of Plaintiff, and was responsible for ensuring that Plaintiff's constitutional and statutory rights were not violated.  It was OFFICER FOSTER'S further duty and responsibility to protect Plaintiff from an illegal detention, seizure, or excessive use of force by police officers, and to report wrongful conduct of police officers that resulted in the infliction of unconstitutional force or violence against Plaintiff.  However, it was OFFICER FOSTER who began harassing Plaintiff when OFFICER FOSTER spitefully shined a bright spotlight into Plaintiff's eyes as Plaintiff attempted to park his vehicle. OFFICER FOSTER then attempted to block Plaintiff from lawfully parking his vehicle in the parking lot.  Plaintiff informed OFFICER FOSTER that he too was a police officer.  OFFICER FOSTER was present and provided support and back up for the officers during the time Plaintiff was subjected

to the unlawful force.  In addition, OFFICER FOSTER conspired with other LBPD police officers to conceal his wrongful conduct by providing false statements in police reports and at Plaintiff's criminal trial.

17.    RANDALL JAMES BEACH (hereinafter "OFFICER BEACH") was at all times mentioned herein, a police officer and employee of LBPD and CITY, acting under color of law.  At all times relevant herein, OFFICER BEACH was acting in the course and scope of his employment and agency, and acted under color of law.  OFFICER BEACH was charged by law and was responsible for the care, security, supervision, and safety of Plaintiff, and was responsible for ensuring that Plaintiff's constitutional and statutory rights were not violated.  It was OFFICER BEACH'S further duty and responsibility to protect Plaintiff from an illegal detention, seizure, or excessive use of force by police officers, and to report wrongful conduct of police officers that resulted in the infliction of unconstitutional force or violence against Plaintiff.  However, OFFICER BEACH participated in the seizure, excessive use of force, and conspiracy with other LBPD police officers to conceal his and his colleagues' wrongful conduct when he provided false statements in police reports.

18.    JASON LEHMAN (hereinafter "OFFICER LEHMAN") was at all times mentioned herein, a police officer and employee of LBPD and CITY, acting under color of law.  At all times relevant herein, OFFICER LEHMAN was

acting in the course and scope of his employment and agency, and acted under color of law.  OFFICER LEHMAN was charged by law and was responsible for the care, security, supervision, and safety of Plaintiff, and was responsible for ensuring that Plaintiff's constitutional and statutory rights were not violated.  It was OFFICER LEHMAN'S further duty and responsibility to protect Plaintiff from an illegal detention, seizure, or excessive use of force by police officers, and to report wrongful conduct of police officers that resulted in the infliction of unconstitutional force or violence against Plaintiff.  However, OFFICER LEHMAN participated in the use of force arrest when he used his right hand to grab onto the outside of Plaintiff's right arm and forcefully brought Plaintiff down to the pavement.  In addition, OFFICER LEHMAN participated in the conspiracy with other LBPD police officers to conceal his and his colleagues' wrongful conduct when he provided false statements in police reports.

19.  The true names and capacities of Defendants sued herein as DOES 1-20 ("DOE DEFENDANTS") are line supervisors, officers or civilian employees, who are unknown to Plaintiff, who therefore sues said Doe Defendants by such fictitious names.  Upon learning their nexus to this incident and their true identity, Plaintiff will move to amend this complaint to show their true names and capacities.  Doe Defendants were at all times mentioned herein employees or agents of CITY and/or LBPD, and at all

times acted within the course and scope of that relationship.

20.     Whenever reference is made in this complaint to any act by Defendants and Doe Defendants, such allegations and references will also be deemed to mean the acts and failures to act of each Defendant individually, jointly or severally.

## EXHAUSTION OF REMEDIES

21.     On May 14, 2014, Plaintiff timely and properly filed tort claims pursuant to *Government Code* § 910 et. seq. on defendant City of Long Beach.  On June 3, 2014, Defendant City of Long Beach denied the claim.  Plaintiff has complied with the state claims statute and as to all state claims, this action is timely filed.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

22.     On or about November 16, 2013, Plaintiff Marcelo Bedetti (an off-duty police officer) and his friend, Felipe Baeza, were returning home after attending a Christian rock concert at the Queen Mary in Long Beach. Plaintiff and Mr. Baeza decided to drive from the Queen Mary over to the Pine Entertainment District of Long Beach to eat a late dinner at one of the restaurants.  Neither Plaintiff nor Mr. Baeza had consumed any alcoholic beverages or taken any drugs.

23.     At approximately the same time when Plaintiff and Mr. Baeza were en route to the Pine Entertainment District, Long Beach police officers Officer Bacon

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

and Officer Corcoran were asked to walk to the parking lot at 130 Pine Avenue with regard to a possible domestic argument.  Officer Bacon spoke with Susie Hacopian, while Officer Corcoran spoke briefly with Ms. Hacopian's husband, Frederico Mercado.[3]  While Officer Bacon spoke to Ms. Hacopian, Officer Saldana and Officer Foster arrived at the parking lot.  Officer Saldana and Officer Foster parked their patrol car in an alleyway just behind the parking lot, but did not bother to get out of the vehicle.

24.    At approximately 12:31 a.m., Plaintiff pulled his Jeep Wrangler into the parking lot just south of 130 Pine Avenue in order to find parking.  The parking lot was near full capacity.  However, Plaintiff identified a vacant parking space that was located in the corner of the parking lot.  Because it was nighttime, Plaintiff had the headlights of his Jeep turned on.  Due to the height of his vehicle, and the fact that Officer Saldana and Officer Foster's patrol car was parked in the alley, Plaintiff noticed his Jeep's headlights were shining into the LBPD patrol vehicle.  Plaintiff turned off his headlights as a courtesy to the police officers as he attempted to park his vehicle in parking space number 16.

25.    LBPD Officers Saldana and Foster were annoyed by Plaintiff's headlights.

_____

[3] Officer Corcoran never obtained any information on Mr. Mercado.  In fact, in his reports, Officer Corcoran refers to Mr. Mercado as "Mr. Hacopian."  In this complaint we will refer to him as Mr. Mercado because that is his true name.

In retaliation, Officer Foster and Officer Saldana jointly agreed to shine their patrol car's spotlight directly at Plaintiff, who was operating his vehicle. After Plaintiff shut off his headlights, Officer Foster and Officer Saldana shined their spotlights directly at Mr. Bedetti.

26.   Plaintiff pulled his Jeep into parking space number 16.  Officer Corcoran yelled at Plaintiff, calling him a "dumbass."  Officer Corcoran continued to complain that Plaintiff had parked his Jeep to close to the car parked next to him.  Again, trying to satisfy the officers, Plaintiff got back inside his vehicle and attempted to park in parking space number 17, which had no cars on either side of the stall.  Plaintiff's passenger, Felipe Baeza, who had remained outside of the Jeep, helped guide Plaintiff into parking space number 17.

27.   While Plaintiff was trying to back his Jeep into parking space number 17, Officer Foster got out of his patrol car and walked directly behind the Jeep. Mr. Baeza informed Officer Foster that Plaintiff was trying to park in the space he was standing in.  Officer Foster told Mr. Baeza that he did not care.

28.   Plaintiff, who was wearing a bright pink-colored leg cast due to an injury, took out his police identification card exited his Jeep, and walked up to Officer Foster to request an explanation as to why Officer Foster was blocking the parking space and why he and the other officers were behaving so rudely and unprofessionally.  Plaintiff informed Officer Foster that he

was an off-duty police officer, and provided Officer Foster his police identification card to prove this fact.  Officer Foster took possession of the identification card, reviewed it, and returned it to Mr. Bedetti.

29. Meanwhile, Officer Corcoran continued with his verbal abuses, threatening to arrest Plaintiff for being drunk in public (*Penal Code* § 647(f)), or better yet, driving under the influence.

30. Plaintiff responded to Officer Corcoran's accusation stating that he had not been drinking.  Plaintiff informed Officer Corcoran that he and his LBPD colleagues were in need of additional training with regards to the constitutional rights of citizens.  Plaintiff further informed Officer Corcoran that he had a legal right to defend himself from an unlawful arrest.  Plaintiff commented that they were both police officers and they both had guns.

31. Officer Saldana or Officer Foster used his cellphone to call Officer Bacon and Officer Lehman who were patrolling a nearby area.  Officer Bacon and Officer Lehman arrived at the parking lot and joined the other defendant officers in the unlawful seizure and force.

32. As Plaintiff returned to his Jeep, defendant officers accused Mr. Bedetti of threatening them.   Officer Beach, Officer Corcoran, Officer Saldana, and Officer Lehman took Plaintiff to the pavement.  Officer Corcoran used a leg sweep technique to bring Plaintiff to the ground.  Plaintiff was punched in the face by Officer Saldana.  All of the force was done without legal

justification or legal cause.

33. Once taken to the ground, Officer Corcoran, Officer Saldana, Officer Foster, Officer Beach, and Officer Lehman used further excessive force in handcuffing Plaintiff. Officer Corcoran grabbed Plaintiff's injured leg (which was in the cast) and forcefully turned the leg upwards causing Plaintiff excruciating pain. LBPD police officers sat on top of Plaintiff who was lying in a prone position. One of the defendant officers punched Plaintiff in the back of the head. The unlawful force inflicted substantial pain on Plaintiff and left his face noticeably bruised.

34. After Plaintiff was handcuffed, he was seated on the pavement. Officer Bacon informed Plaintiff that he was under arrest for driving under the influence, as well as committing criminal threats in violation of *Penal Code* § 422, and interference with a police investigation.

35. LBPD police officers did not immediately search Plaintiff for any weapons. Instead, LBPD police officers waited almost three minutes before patting Plaintiff down to determine if he had a weapon on his person. LBPD police officers pushed Plaintiff's head to the ground and removed his off-duty weapon from his front pocket.

36. LBPD police officers locked Plaintiff in a patrol car as the officers attempted to determine whether Plaintiff smelled of any alcohol. After approximately 15 minutes, an officer stuck his head in the vehicle and

determined that Plaintiff had no odor of alcohol on his person or his breath. Defendant officers then performed a HGN (Horizontal Gaze Nystagmus) Test on Plaintiff and concluded that he had no alcohol in his system.

37.   Nevertheless, Plaintiff remained under arrest and was transported by patrol car to the Long Beach Police Department headquarters.  At headquarters, Officer Garry conducted a breath test using an Intoximeter Alco-Sensor FST SN # 038537.  The breath test result was 0.00%.  Unwilling to admit to falsely arresting Plaintiff, LBPD officers subjected Plaintiff to an investigation to determine if Plaintiff was under the influence of any controlled substances (Health and Safety Code § 11550).  A drug recognition expert concluded that Plaintiff was not under the influence of any drugs.  Plaintiff offered to provide additional blood or urine samples, but the officer refused to collect such evidence, noting it was pointless as they had already concluded he was not under the influence of any drugs or alcohol.

38.   The LBPD and its police officers then prepared false reports in an effort to cover up their unlawful conduct.  LBPD ultimately attempted to justify their unlawful conduct by alleging a *Penal Code* § 148 violation against Plaintiff for allegedly interfering with the officers who were allegedly conducting a *Penal Code* § 273.5 investigation.  The creation of the false reports violated *Penal Code* § 118.1, which prohibits the filing of false police reports in an

attempt to justify defendant's detention or arrest.  The LBPD police officers conspired to lie in their police reports, then furthered their conspiracy by providing false information to the prosecutor, as well as on the stand at trial at Plaintiff's subsequent criminal trial.  All actions taken after Plaintiff was seized and arrested were done in an attempt to obtain a *Penal Code* § 148 conviction.

39.  The Long Beach City Prosecutors Office commenced a criminal action against Plaintiff on December 9, 2013 for violating *Penal Code* § 148.  The Plaintiff is informed and believes the prosecution was commenced solely in order to defend the City of Long Beach, LBPD, and its officers from civil liability under *Heck v. Humphrey*, 512 U.S. 477 (1994).

40.  Several of the LBPD Officers involved in the incident were called as witnesses in Plaintiff's criminal trial.  Each police officer who took the stand provided false and misleading testimony under oath in an attempt to convince the jury Plaintiff was guilty of violating *Penal Code* § 148.  For example, Officer Beach testified that he heard about Mr. Bedetti's incident on the police radio.  However, the radio recordings prove Officer Beach's assertion to be false.  On information and belief, Plaintiff believes Officer Foster or Officer Saldana used their cellphones to contact Officer Beach and Officer Lehman before they arrested Mr. Bedetti.  Officer Corcoran testified Mr. Bedetti entered the parking lot at a high rate of speed.  There is a video

tape that proves this statement is false.

41.    On October 9, 2014, the jury found Plaintiff "not guilty" of violating *Penal Code* § 148.

42.    LBPD, its police officers, and the City of Long Beach took all of these actions knowing that Plaintiff was a California Peace Officer.  Specifically, the LBPD officers knew that such an arrest and prosecution could prove fatal to Plaintiff's career and subsequently interfere with the current contractual relationship Plaintiff had with the city employing him.  In addition, Officer Corcoran, Officer Saldana, Officer Foster, Officer Bacon, and Officer Lehman's use of excessive force caused Plaintiff injuries.

43.    By falsifying their police reports, exaggerating certain truths, omitting material and relevant facts, and conspiring to destroy the career of a law-enforcement officer, to cover up their own unlawful conduct, LBPD officers engaged in misconduct knowing full well that such misconduct would cause Plaintiff a lifetime of harms or losses in addition to the physical and mental injuries of assault and battery, false arrest, false imprisonment, and excessive force they used; not to mention trampling on his constitutional rights under the First, Fourth, and Fourteenth Amendments.

44.    The City of Long Beach and their police department have a pattern and practice of using excessive force and then seeking the prosecution of their victims to create a defense under *Heck v. Humphrey*, 512 U.S. 477 (1994).

These customs, policies, and practices were designed to substantially cause the violation of constitutional rights of individuals, including, but not limited to, illegal seizures, the use of excessive force, false arrests, and prosecuting individuals for crimes they did not commit.

## FIRST CLAIM FOR RELIEF

### Unreasonable Search and Seizure – Excessive Force, Detention and Arrest - Violation of 42 U.S.C. § 1983

**(Against Officer Bacon, Officer Corcoran, Officer Saldana, Officer Foster, Officer Beach, Officer Lehman and DOES 1-20)**

45.   Plaintiff realleges and incorporates herein by reference all other paragraphs of this complaint, as though fully set forth in this claim for relief.

46.   As set forth above, Plaintiff was subjected to deprivation of rights by OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN and DOES 1 through 20, acting under color of law and of statutes, ordinances, regulations, and customs and usages of the Law of the United States, State of California, which rights include, but are not limited to, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States, and particularly Plaintiff's right to be free from illegal seizure, excessive force, and false arrest in violation of his rights protected under the Fourth Amendment and Fourteenth Amendment.

**Unreasonable Search and Seizure**

47.    OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20, were unjustified in detaining Plaintiff.  Contrary to false statements made by the Defendant Officers in their police reports, Plaintiff in no way made criminal threats against any of the officers, nor was there any probable cause to believe that Plaintiff was under the influence of alcohol or a controlled substance.  Further, there was no Penal Code § 273.5 investigation for him to interfere with.

48.    OFFICER SALDANA and OFFICER FOSTER were annoyed by Plaintiff's headlights.  In retaliation, Officer Foster and Saldana shined a spotlight on Plaintiff as he attempted to legally park his Jeep in a vacant parking space. OFFICER CORCORAN then joined OFFICER SALDANA and OFFICER FOSTER in harassing Plaintiff by yelling profanities at Plaintiff and interfering with his legal right to park his vehicle.

49.    Plaintiff exercised his constitutionally protected right to free speech by critiquing the LBPD officers' actions.  Plaintiff's criticism of defendant officers' conduct apparently bruised the officers' egos.  When Plaintiff returned to his Jeep to leave the situation, the officers retaliated against Plaintiff, unjustifiably seizing Plaintiff when Officer Saldana and others grabbed Plaintiff, struck him, and took him to the ground where they

handcuffed him.  Defendant officers effectuated the unlawful seizure despite knowing that Plaintiff was himself, a police officer, and therefore lawfully permitted to carry a gun.

50.    Defendant officers continued to unconstitutionally seize Plaintiff when they handcuffed and locked him inside a patrol car for approximately 15 minutes as officers attempted to determine if Plaintiff had been driving under the influence.  Plaintiff had no odor of alcohol because he had not been drinking.  Regardless, the officers continued to unconstitutionally seize and arrest Plaintiff when they decided to transport him to the Long Beach Police Department headquarters for additional tests in an attempt to justify the arrest they already made, without probable cause.  At headquarters, Plaintiff provided a breath test proving his 0.00% blood alcohol content.

**Excessive Force**

51.    OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20 used excessive force on Plaintiff when defendant officers took Plaintiff to the pavement.  OFFICER CORCORAN applied further excessive force when he used a leg sweep on Plaintiff and then grabbed Plaintiff's injured leg (which was in a cast) and forcefully turned the leg upwards causing Plaintiff excruciating pain.  Moreover, defendant officers punched Plaintiff in the face and in the back of the head.

52. OFFICER BACON, CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20's illegal seizure and use of excessive force directly and proximately caused Plaintiff's physical, emotional, and economic injuries as described herein.  The defendant officers are collectively and individually responsible for Plaintiff's harms and losses either because they were integral participants in the misconduct leading to Plaintiff's injuries, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations which led to Plaintiff's injuries.

53. As a direct and legal result of OFFICER BACON, CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20's acts and omissions, Plaintiff has suffered damages, including, without limitation:  pain and suffering, extreme mental and emotional distress, physical injuries, medical expenses, loss of earnings, costs of suit, and other pecuniary losses not yet ascertained.

54. Plaintiff alleges that the acts of OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20's were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiff's rights, welfare and safety, thereby justifying an awarding of punitive and exemplary damages in an amount to

be determined at the time of trial.

55.   By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an

award of reasonable attorney's fees and costs according to proof.

## SECOND CLAIM FOR RELIEF

### Violation of California Constitution, Article 1, Section 13

**(Against Officer Bacon, Officer Corcoran, Officer
Saldana, Officer Foster, Officer Beach, Officer
Lehman and DOES 1 through 20)**

56.   Plaintiff realleges and incorporates herein by reference all other paragraphs

of this complaint, as though fully set forth in this claim for relief.

57.   The conduct of defendants OFFICER BACON, OFFICER CORCORAN,

OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER

LEHMAN, and DOES 1 through 20, who used excessive force upon

Plaintiff, constituted an unjustified seizure under the California Constitution

Article 1, § 13, and was the direct and proximate cause of the harm and

losses of the Plaintiff as alleged herein.

58.   OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA,

OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES

1 through 20 are collectively and individually responsible for Plaintiff's

harms and losses either because they were integral participants in the

misconduct leading to Plaintiff's injuries, or because they failed to intervene

when they had the opportunity and duty to do so to prevent these violations

which led to Plaintiff's injuries.

59. As a direct and proximate result of OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20's acts and omissions, Plaintiff has suffered damages, including without limitation: pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, loss of earnings, and other pecuniary losses not yet ascertained.

60. Plaintiff alleges that the acts of OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20 were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiff's rights, welfare and safety, thereby justifying an awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

///

///

///

///

///

# THIRD CLAIM FOR RELIEF

## Battery

### (Against Officer Corcoran, Officer Saldana, Officer Foster, Officer Beach, Officer Lehman and Does 1 through 20)

61.    Plaintiff realleges and incorporates herein by reference all other paragraphs of this complaint, as though fully set forth in this claim for relief.

62.    OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20, committed battery against Plaintiff when the defendant officers unjustifiably used excess force to take Plaintiff into custody and falsely arrested him. Defendant Officers acted with intent and willful disregard of Plaintiff's rights, causing bodily injury to Plaintiff.

63.    OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20's tackling of Plaintiff, punching Plaintiff, leg sweeps, the twisting of Plaintiff's leg, slamming him onto the ground, and pushing his face down onto the pavement, all while Plaintiff was handcuffed, were harmful and offensive, and would offend any reasonable person, and did offend and harm Plaintiff.

64.    As a direct and legal result of OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER

LEHMAN, and DOES 1 through 20's battery, Plaintiff has suffered

damages, including, without limitation:  pain and suffering, extreme mental

and emotional distress, physical injuries, medical expenses, costs of suit,

loss of earnings, and other pecuniary losses not yet ascertained.

65.    Plaintiff alleges that OFFICER CORCORAN, OFFICER SALDANA,

OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES

1 through 20's acts were willful, malicious, intentional, oppressive, reckless,

and/or were done in willful and conscious disregard of Plaintiff's rights,

welfare and safety, thereby justifying the awarding of punitive and

exemplary damages in an amount to be determined at the time of trial.

### FOURTH CLAIM FOR RELIEF

### Violation of Bane Act (California Civil Code § 52.1)

**(Against Officer Corcoran, Officer Saldana, Officer Foster, Officer Beach, Officer Lehman and Does 1 through 20)**

66.    Plaintiff realleges and incorporates herein by reference all other paragraphs

of this complaint, as though fully set forth in this claim for relief.

67.    OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER,

OFFICER BEACH, OFFICER LEHMAN, and DOES 1-20 interfered or

attempted to interfere by threats, intimidation, or coercion of Plaintiff's

rights under state and federal laws and under the state and federal

Constitution, including, without limitation:  the right to be free from illegal

seizures, excessive force, and the right to bodily integrity, including his rights under *Civil Code* § 43*, Penal Code* §§ 149, 240, and 242, and his rights under the Fourth and Fourteenth Amendments to the United States Constitution and under Articles 1, §§ 1, 7, and 13 of the California Constitution.

68. The conduct of OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1-20, caused Plaintiff extreme pain and suffering, extreme emotional distress, and physical injuries as alleged herein.

69. As a result of OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1-20's conduct, Defendants are liable for Plaintiff's injuries, either because they were integral participants in the misconduct, or because they failed to intervene when they had the opportunity and duty to do so to prevent these violations.

70. As a direct and legal result of OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1-20's acts and omissions, Plaintiff has suffered damages, including, without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, loss of earnings, costs of suit, and other pecuniary losses not yet ascertained.

71.     Plaintiff alleges that the acts of OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1-20 were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiff's rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

72.     By virtue of the provisions of *Civil Code* § 52.1(h), Plaintiffs are entitled to an award of reasonable attorney's fees and costs according to proof.

## FIFTH CLAIM FOR RELIEF

### False Arrest / False Imprisonment

**(Against Officer Bacon, Officer Corcoran, Officer Saldana, Officer Foster, Officer Beach, Officer Lehman and Does 1 through 20)**

73.     Plaintiff realleges and incorporates herein by reference all other paragraphs of this complaint, as though fully set forth in this claim for relief.

74.     OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20, acting in the course and scope of their duties, intentionally deprived Plaintiff of his freedom of movement by falsely arresting him.

75.     Plaintiff did not knowingly or voluntarily consent to the deprivation of his freedom of movement.

76.     The conduct of OFFICER BACON, OFFICER CORCORAN, OFFICER

SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20 was a substantial factor in causing the harm suffered by Plaintiff.

77.     Plaintiff alleges that OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20's acts were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiff's rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

78.     As a direct and legal result of OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20's false arrest and imprisonment of Plaintiff, Plaintiff has suffered damages, including without limitation:  pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, costs of suit, loss of earnings, and other pecuniary losses not yet ascertained.

///

///

///

///

# SIXTH CLAIM FOR RELIEF

## Intentional Infliction of Emotional Distress

### (Against Officer Bacon, Officer Corcoran, Officer Saldana, Officer Foster, Officer Beach, Officer Lehman, and Does 1 through 20)

79.   Plaintiff realleges and incorporates herein by reference all other paragraphs of this complaint, as though fully set forth in this claim for relief.

80.   In battering and unlawfully arresting Plaintiff, which are intentional acts, OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20's conduct was outrageous and reckless to the emotional health of Plaintiff, and caused severe emotional distress to Plaintiff.

81.   The acts and conduct of OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20 was the direct and proximate cause of Plaintiff's injury and damage, and violated his statutory and common law rights as guaranteed by the laws of California.

82.   As a result of the foregoing outrageous and reckless conduct, Plaintiff was deprived of his liberty, subjected to serious physical and emotional pain and suffering, and was otherwise damaged and injured, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## SEVENTH CLAIM FOR RELIEF

## Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985)

### (Against Officer Bacon, Officer Corcoran, Officer Saldana, Officer Foster, Officer Beach, Officer Lehman, and DOES 1 through 20)

83. Plaintiff realleges and incorporates herein by reference all other paragraphs of this complaint, as though fully set forth in this claim for relief.

84. OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20 used excessive force to falsely arrest Plaintiff.  Each police officer knew that Plaintiff had not violated any law, and that the arrest was made solely out of spite for the constitutional liberties that Plaintiff exercised.  With each officer knowing the above to be true, they each conspired to punish Plaintiff, destroy his credibility, have him prosecuted, and cover up their conduct by falsifying their police reports and providing false testimony.

85. OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20 entered into this conspiracy to falsify facts for the purpose of depriving Plaintiff of the equal protection of the laws of the United States and of the State of California.

86. OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA,

OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20 acted in furtherance of the conspiracy when they collectively agreed to use force to take Plaintiff into custody and then made false statements in their police reports.  The defendant officers furthered their conspiracy when they lied under oath in Plaintiff's criminal trial in order to convince the jury that Plaintiff was guilty of the alleged *Penal Code* § 148 offense.

87.   Plaintiff suffered harms and losses as a result of the conspiracy by being forced to defend himself from criminal charges that were solely based on the false statements produced in Defendant officers' police reports.  Moreover, these false statements, which were the product of the officers' conspiracy, presented an additional burden on Plaintiff in his attempt to seek relief for the violations of his constitutional rights.

88.   As a direct and legal result of OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20's acts and omissions, Plaintiff has suffered damages, including without limitation:  pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, loss of earnings, costs of suit, and other pecuniary losses not yet ascertained.

89.   Plaintiff alleges that the acts of OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER

BEACH, OFFICER LEHMAN, and DOES 1 through 20 were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiff's rights, welfare and safety, thereby justifying an awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

90. By virtue of the provisions of 42 U.S.C. § 1988, Plaintiffs are entitled to an award of reasonable attorney's fees and costs according to proof.

## EIGHTH CLAIM FOR RELIEF

### Violation of 42 U.S.C. § 1983 for Policies, Customs and Practices Causing Violations of Civil Rights

**(Against City of Long Beach, Long Beach Police Department, Former Chief of Police Jim McDonnell, and DOES 1 through 20)**

91. Plaintiff realleges and incorporates herein by reference all other paragraphs of this complaint, as though fully set forth in this claim for relief.

92. CITY, LBPD, and DOES 1 through 20 were public entities and/or municipal corporations, duly organized and existing under and by virtue of the laws of the State of California.

93. Based upon the principles set forth in *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978), CITY, LBPD, CHIEF MCDONNELL, and DOES 1 through 20 are liable for all injuries sustained by Plaintiff as set forth herein.   CITY, LBPD, CHIEF MCDONNELL, and DOES 1 through 20 bear liability because (a) their policies, practices and/or

customs caused Plaintiff's injuries as a result of illegal seizure, false arrest, and excessive force; and/or (b) because their policies, practices and/or customs caused Plaintiff's injuries as a result of the defendant officers' conspiracy to cover up their misconduct with lies and a criminal prosecution.

## Illegal Seizures

94.    With regard to illegal seizures, Defendants LBPD, CITY, CHIEF MCDONNELL, and DOES 1 through 20 have condoned an ongoing pattern of excessive force committed by LBPD police officers, including but not limited to, Officer Bacon, Officer Corcoran, Officer Saldana, Officer Foster, Officer Beach, Officer Lehman, and Does 1 through 20.   CITY, LBPD, and its officials, including CHIEF MCDONNELL, maintained or permitted one or more of the following official policies, customs, or practices which contributed to this constitutional deprivation:

a.    Failure to provide adequate training and supervision to LBPD's officers with respect to constitutional limits on seizures;

b.    Encouraging, accommodating, enabling, or facilitating unlawful seizures of citizens and other misconduct;

c.    Failure to adequately discipline or retrain officers involved in committing illegal seizures;

d.    Selection and retention of officers with demonstrative propensities for

bullying, violence, dishonesty, and other misconduct;

e.   Ratification of the intentional misconduct of LBPD police officers, and defendant officers, including DOES 1 through 20 herein;

f.   Condoning and encouraging officers to believe they can seize persons, including Plaintiff, with impunity, and fostering a message within LBPD, based in part upon the management's willingness to overlook such misconduct, transmitting an implied message that such conduct will not adversely affect opportunities for promotion and other employment benefits;

g.   Encouraging, accommodating, enabling or facilitating a "code of silence" among LBPD police officers and supervisors, including Defendant Officers and DOES 1 through 20, pursuant to which false reports were generated and illegal seizures were covered up;

h.   Maintaining unconstitutional policies and procedures that allow, facilitate and enable investigations of unlawful arrests in a manner inconsistent with accepted criminal investigations that promotes and encourages, ratifies or condones cover ups, false or misleading statements of excessive force and officer misconduct; and

i.   Failure to ensure that LBPD police officers truthfully report facts and failed to prevent police officers from acting in concert to cover up their unconstitutional actions.

///

## Excessive Force

95.     With regard to excessive force, Defendants LBPD, CITY, CHIEF MCDONNELL, and DOES 1 through 20 have condoned an ongoing pattern of excessive force committed by LBPD police officers, including but not limited to, Officer Bacon, Officer Corcoran, Officer Saldana, Officer Foster, Officer Beach, Officer Lehman, and Does 1 through 20.   CITY, LBPD, and its officials, including CHIEF MCDONNELL, maintained or permitted one or more of the following official policies, customs, or practices which contributed to this constitutional deprivation:

a.     Failure to provide adequate training and supervision to LBPD's officers with respect to constitutional limits on use of force and detention;

b.     encouraging, accommodating, enabling, or facilitating unlawful arrests of citizens, the use of excessive and unreasonable force, and other misconduct;

c.     Failure to adequately discipline or retrain officers involved in misconduct;

d.     Selection and retention of officers with demonstrative propensities for excessive force, violence, dishonesty, and other misconduct;

e.     Ratification of the intentional misconduct of LBPD police officers, and defendant officers, including DOES 1 through 20 herein;

f.     Condoning and encouraging officers to believe they can violate the rights of persons, including Plaintiff, with impunity, and fostering a message within LBPD, based in part upon the management's willingness to overlook such

misconduct, transmitting an implied message that such conduct will not

adversely affect opportunities for promotion and other employment benefits;

g.      Encouraging, accommodating, enabling or facilitating a "code of silence"

among LBPD police officers and supervisors, including Defendant Officers

and DOES 1 through 20, pursuant to which false reports were generated and

excessive and unreasonable force was covered up;

h.      Maintaining unconstitutional policies and procedures that allow, facilitate

and enable investigations of unlawful arrests in a manner inconsistent with

accepted criminal investigations that promotes and encourages, ratifies or

condones cover ups, false or misleading statements of excessive force and

deputy misconduct; and

i.      Failure to ensure that LBPD police officers truthfully report facts and failed

to prevent police officers from acting in concert to cover up their

unconstitutional actions.

**Covering Up Misconduct with Lies and False and Inaccurate Reports**

96.     In particular, Defendants CITY, LBPD, CHIEF MCDONNELL, and DOES

1 through 20 have condoned an ongoing pattern of deliberate indifference

with respect to LBPD officers who cover up misconduct with lies, which

includes the deliberate indifference demonstrated herein by Officer Bacon,

Officer Corcoran, Officer Saldana, Officer Foster, Officer Beach, Officer

Lehman, and Does 1 through 20.  CITY, LBPD, and its officials, including

CHIEF MCDONNELL, maintained or permitted one or more of the following official policies, customs, or practices which contributed to this constitutional deprivation:

a.  Failure to provide adequate training and supervision to LBPD officers with respect to prohibitions on police misconduct cover-ups;

b.  Encouraging, accommodating, enabling or facilitating police officers who cover up police misconduct with lies;

c.  Failure to adequately discipline or retrain officers who have covered up police misconduct with lies;

d.  Selection and retention of officers with demonstrative propensities for dishonesty, deceitfulness, and other dishonest characteristics;

e.  Ratification of the intentional misconduct of LBPD officers, including Officer Bacon, Officer Corcoran, Officer Saldana, Officer Foster, Officer Beach, Officer Lehman, and Does 1 through 20 herein;

f.  Condoning and encouraging police officers in the belief they can violate the rights of persons, including Plaintiff, with impunity, and that such conduct will not adversely affect opportunities for promotion and other employment benefits if they cover up their misconduct with lies;

g.  Encouraging, accommodating, enabling or facilitating a "code of silence" among LBPD police officers and supervisors, including Officer Bacon, Officer Corcoran, Officer Saldana, Officer Foster, Officer Beach, Officer

Lehman, and Does 1 through 20, pursuant to which false reports were generated to cover up deputy misconduct;

h.    Maintaining unconstitutional policies and procedures that allow, facilitate and enable investigations into complaints of LBPD police officers' false statements in a manner inconsistent with accepted criminal investigation procedures, that promote and encourage, ratify or condone cover ups, false or misleading statements of LBPD police officer misconduct; and

i.    Failure to ensure that LBPD police officers truthfully report facts and failure to prevent police officers from acting in concert to cover up their unconstitutional actions.

### False Arrests

97.    In particular, Defendants CITY, LBPD, CHIEF MCDONNELL, and DOES 1 through 20 have condoned an ongoing pattern of deliberate indifference with respect to LBPD officers who cover up misconduct with lies, which includes the deliberate indifference demonstrated herein by Officer Bacon, Officer Corcoran, Officer Saldana, Officer Foster, Officer Beach, Officer Lehman, and Does 1 through 20.  CITY, LBPD, and its officials, including CHIEF MCDONNELL, maintained or permitted one or more of the following official policies, customs, or practices which contributed to this constitutional deprivation:

a.    Failure to provide adequate training and supervision to LBPD officers with

respect to prohibitions on police misconduct cover-ups;

b.   Encouraging, accommodating, enabling or facilitating police officers who cover up police misconduct with lies;

c.   Failure to adequately discipline or retrain officers who have covered up police misconduct with lies;

d.   Selection and retention of officers with demonstrative propensities for dishonesty, deceitfulness, and other dishonest characteristics;

e.   Ratification of the intentional misconduct of LBPD officers, including Officer Bacon, Officer Corcoran, Officer Saldana, Officer Foster, Officer Beach, Officer Lehman, and Does 1 through 20 herein;

f.   Condoning and encouraging police officers in the belief they can violate the rights of persons, including Plaintiff, with impunity, and that such conduct will not adversely affect opportunities for promotion and other employment benefits if they cover up their misconduct with lies;

g.   Encouraging, accommodating, enabling or facilitating a "code of silence" among LBPD police officers and supervisors, including Officer Bacon, Officer Corcoran, Officer Saldana, Officer Foster, Officer Beach, Officer Lehman, and Does 1 through 20, pursuant to which false reports were generated to cover up deputy misconduct;

h.   Maintaining unconstitutional policies and procedures that allow, facilitate and enable investigations into complaints of LBPD police officers' false

statements in a manner inconsistent with accepted criminal investigation procedures, that promote and encourage, ratify or condone cover ups, false or misleading statements of LBPD police officer misconduct; and

i.  Failure to ensure that LBPD police officers truthfully report facts and failure to prevent police officers from acting in concert to cover up their unconstitutional actions.

98.  CITY, LBPD, CHIEF MCDONNELL, and DOES 1 through 20's customs, practices, or policies were a moving force and legal cause of Plaintiff's injuries, and each individual defendant officer, acting in accord with this custom, policy or practice, acted with deliberate indifference to Plaintiff's constitutional rights.

99.  As a direct and legal result of CITY, LBPD, CHIEF MCDONNELL, and DOES 1 through 20's acts and omissions, Plaintiff has suffered damages, including without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, loss of earnings, costs of suit, and other pecuniary losses not yet ascertained.

100.  As a result of LBPD, CITY, and CHIEF MCDONNELL'S violation of Plaintiff's constitutional rights, Plaintiff is entitled to attorney's fees under 42 U.S.C. § 1988.

///

///

# NINTH CLAIM FOR RELIEF

## Deprivation of Free Speech and Expression (42 U.S.C. § 1983)

**(Against Officer Bacon, Officer Corcoran, Officer Foster, Officer Saldana, Officer Beach, Officer Lehman, and Does 1 through 20)**

101.   Plaintiff realleges and incorporates herein by reference all other paragraphs of this complaint, as though fully set forth in this claim for relief.

102.   The above-described conduct and actions of OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20, who were acting under color of law, deprived Plaintiff of his rights to free expression and association, was done due to OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20's personal animus and bias against the content of Plaintiff's speech.  The conduct and actions of OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20 was done in retaliation against Plaintiff's exercise of his constitutionally protected speech; was done to interfere with, and chill, the exercise of free speech and association; was done intentionally, maliciously, with a deliberate indifference and/or with a reckless disregard for the natural and probable consequences of their acts; and was done without lawful

justification or reason, and was designed to and did cause specific and serious pain and suffering in violation of Plaintiff's constitutional rights as guaranteed under 42 U.S.C. § 1983 and the First and Fourteenth Amendments to the United States Constitution.

103. As a direct and legal result of OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20's acts and omissions, Plaintiff has suffered damages, including without limitation, pain and suffering, extreme mental and emotional distress, severe physical injuries, medical expenses, loss of earnings, costs of suit, and other pecuniary losses not yet ascertained.

104. Plaintiff alleges that the acts of OFFICER BACON, OFFICER CORCORAN, OFFICER SALDANA, OFFICER FOSTER, OFFICER BEACH, OFFICER LEHMAN, and DOES 1 through 20 were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiff's rights, welfare and safety, thereby justifying the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

105. By virtue of the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to an award of reasonable attorney's fees and costs according to proof.

///

///

# TENTH CAUSE OF ACTION

## Supervisory Liability

### (Against Defendant Former Chief McDonnell and
### Does 1 through 20)

106.   Plaintiff realleges and incorporates herein by reference all other paragraphs
of this complaint, as though fully set forth in this claim for relief.

107.   Plaintiff is informed and believes and thereon alleges that CHIEF
MCDONNELL and supervisors DOES 1-20 knew, or in the exercise of
reasonable care should have known, of a history, propensity, custom and
pattern, prior to and after the time of the unconstitutional seizure, excessive
force, and false arrest made upon Plaintiff, and those like him, as alleged
herein for LBPD officers, including but not limited to, Officer Bacon,
Officer Corcoran, Officer Foster, Officer Saldana, Officer Beach, Officer
Lehman, and Does 1- 20, to effectuate an illegal seizure, use excessive
force, use unreasonable police tactics which lead to the unnecessary and
unreasonable use of excessive force, or use unreasonable, out-of-policy or
unconstitutional police tactics to investigate police use of force incidents.

108.   CHIEF MCDONNELL and supervisor DOES 1-20 knew, or in the exercise
of reasonable care should have known, that LBPD officers, including but not
limited to, Officer Bacon, Officer Corcoran, Officer Foster, Officer Saldana,
Officer Beach, Officer Lehman, and Does 1- 20, were responsible for a high

number of unconstitutional seizures and arrests involving excessive force, as well as complaints of conspired acts to cover up constitutional violations compared to other police departments in the United States on a *per capita* basis in recent years.

109.    Plaintiff is informed and believes and thereon alleges that CHIEF MCDONNELL and supervisors DOES 1-20 knew, or in the exercise of reasonable care should have known, that other LBPD officers, including but not limited to, Officer Bacon, Officer Corcoran, Officer Saldana, Officer Foster, Officer Beach, Officer Lehman, and Does 1-20 were the subject of prior complaints of allegations of similar conduct and had been defendants in federal and state court actions alleged to have violated constitutional rights in the course and scope and under color of law of their capacities as LBPD police officers.

110.    Notwithstanding this information and the history of LBPD officers, including but not limited to, Officer Bacon, Officer Corcoran, Officer Saldana, Officer Foster, Officer Beach, Officer Lehman, and Does 1-20, CHIEF MCDONNELL and supervisors DOES 1-20 failed to train, supervise or discipline the LBPD officers that effectuate illegal seizures, make false arrests, use excessive force, conspire to cover up constitutional violations, and use unreasonable police tactics which lead to the unnecessary and unreasonable use of excessive force, used unreasonable, out-of-policy or

unconstitutional police tactics to investigate police use of force incidents, or the LBPD officers who were the subject of allegations of similar conduct and those who had been the subject of allegations in federal and state courts to have violated constitutional rights of others in the course and scope and under color of law in their capacities as LBPD police officers.

111.   CHIEF MCDONNELL and supervisors DOES 1-20 demonstrated disregard of this knowledge, or failure to adequately investigate and discover this pattern, custom or practice of unconstitutional violations, or the existence of facts which create the potential of unconstitutional acts, violated their duty to supervise, train, and instruct their subordinates to prevent similar constitutional violations to other persons.  As a result, Plaintiff was harmed in the manner threatened by the custom, pattern, or practice.

112.   A custom, practice, and policy resulted from CHIEF MCDONNELL and supervisors DOES 1-20's failure to take steps to properly train, supervise, investigate, or instruct Officer Bacon, Officer Corcoran,  Officer Foster, Officer Saldana, Officer Beach, Officer Lehman, and Does 1-20's illegal searches, false arrests, and use of excessive force.  This failure was a moving force in the illegal search, false arrest, use of excessive force, conspiracy to cover up constitutional violations, and for the damages and injuries suffered by Plaintiff as set forth above.

113.   Plaintiff alleges that the acts of CHIEF MCDONNELL and supervisors

DOES 1-20 were willful, malicious, intentional, oppressive, reckless, and/or were done in willful and conscious disregard of Plaintiff's rights, welfare and safety, thereby justifying an awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

114. The failure of CHIEF MCDONNELL and supervisors DOES 1-20 to act in the face of a known duty constitutes a breach of this duty and forms the basis of their liability for individual supervisor liability causing a constitutional violation.

## ELEVENTH CLAIM FOR RELIEF

### Negligence

### (Against All Defendants)

115. Plaintiff realleges and incorporates herein by reference all other paragraphs of this complaint, as though fully set forth in this claim for relief.

116. At all times herein, Defendants and each of them, and DOES 1 through 20, had a duty to Plaintiff to use reasonable care to comply with the United States Constitution and California Constitution and standards for reasonable police officers performing their police duties. Specifically all Defendants and Doe Defendants had a legal duty to: only conduct constitutional seizures, conduct lawful arrests, use reasonable force in conducting lawful arrests, produce true statements in police reports, testify truthfully at trial,

select, train, review and evaluate the competency of LBPD police officers, update LBPD policies with regards to conducting seizures, applying reasonable force, conducting lawful arrests, producing truthful statements in police reports, and testifying truthfully at trials.

117. All Defendants breached said duties outlined above for the reasons set forth elsewhere in this Complaint.

118. CHIEF MCDONNELL and DOES 1 through 20, acting within the course and scope of their employment with Defendants CITY and LBPD, breached their duty to assure the competence of their subordinates, failed to exercise ordinary care under the circumstances herein and breached their duty of selecting, training, reviewing and periodically evaluating the competency of these individually named officers and taking corrective measures to abate unconstitutional seizures and arrests.  This breach of duty created an unreasonable risk of harm to persons such as Plaintiff.

119. As a proximate and legal result of the aforesaid negligence, carelessness and unskillfulness of defendants, Plaintiff was severely injured, and suffered the damages as alleged and set forth above and incorporated herein by reference including, but not limited to, pain and suffering, extreme mental and emotional distress, medical expenses, and other pecuniary losses not yet ascertained.

120. Plaintiff is informed and believes and thereon alleges that the acts of the

individual Defendants were willful, malicious, intentional, oppressive, reprehensible, reckless, and/or were done in willful and conscious disregard of Plaintiff's rights, welfare and safety, thereby justifying an awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against defendants and each of them, and DOES 1 through 20 jointly and severally, as described in the Claims for Relief Actions set forth above, as Defendants as follows:

1.      For general damages according to proof;

2.      For special damages according to proof;

3.      For interest on all sums as allowed by law;

4.      For punitive damages against individual defendants in an amount to be determined at trial;

5.      For attorney's fees incurred by Plaintiff pursuant to 42 U.S.C. § 1988 and section 1021.5 of the California Code of Civil Procedure;

6.      For an award against Defendants and in favor of Plaintiff of all costs incurred herein by Plaintiff; and

///

///

///

7.     For such other and further relief as the Court deems just and proper.

Dated: November 25, 2014          **LAW OFFICES OF MARK PACHOWICZ**


By: <u>/s/Mark R. Pachowicz</u>
     Mark Pachowicz
     Attorney for Plaintiff
     MARCELO BEDETTI

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury of all issues properly triable by jury.

Dated: November 25, 2014        **LAW OFFICES OF MARK PACHOWICZ**

By: /s/ Mark R. Pachowicz
    Mark Pachowicz
    Attorney for Plaintiff
    MARCELO OSCAR BEDETTI